Opinion issued March 25, 2004





















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00528-CR
____________
 
EARNEST JAMES DUDLEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 917568
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Earnest James Dudley, guilty of the offense of
aggravated sexual assault, and, after finding true an allegation in an enhancement
paragraph that appellant had a prior felony conviction, the trial court assessed his
punishment at confinement for life. In three points of error, appellant contends that
the evidence was legally and factually insufficient to support his conviction and that
the trial court erred in admitting hearsay testimony into evidence. We affirm.
Facts
          The complainant, who was 17 years-old at the time of the offense, testified that,
at approximately 10:00 p.m. on July 11, 2002, she rode a Metro bus from her
boyfriend’s house to her home in Houston. She explained that she had missed a bus
that would have taken her near her home and had to take a bus that dropped her off
approximately one and one-half miles from her home. As the complainant began
walking home, appellant drove his car up to the bus stop, honked his car horn three
times, and offered to give her a ride home. She accepted appellant’s offer and got
into his car.
          The complainant gave appellant directions to her home, and he followed them. 
However, when they were within sight of her home, appellant turned left at the
intersection before her home and stated that “he had to pick up some weed from a
friend.” Appellant then drove a few blocks to another intersection and parked his car. 
When the complainant attempted to get out of the car, appellant locked the doors. 
Appellant then pulled out a pocketknife, placed it against the complainant’s neck, and
told her that if she did not perform oral sex on him “he was going to stab the shit out
of her.” Appellant then pulled his pants down, pushed the complainant’s head
between his legs, and forced her to perform oral sex.
          After a short time, appellant “let [the complainant] up” and then told her that
he was going to have intercourse with her. However, at this point, a police officer,
in a patrol car, drove up to the intersection, and appellant began to “panic.” He told
the complainant to tell the officer that he was her cousin and that he was giving her
a ride home. Appellant then started his car and attempted to drive away. However,
the officer pulled his patrol car in behind appellant’s car and initiated a traffic stop.
          When the police officer walked up to appellant’s car, he asked the complainant
if “everything [was] okay.” The complainant replied “yes,” but shook her head to
indicate “no.” The officer then asked the complainant to get out of appellant’s car,
and, after she got out, the complainant told the officer that appellant had sexually
assaulted her. Appellant stated, “she’s lying, she’s lying . . . I can’t go back to jail
this time.”
          Houston Police Officer E. Speckman testified that, after he initiated the traffic
stop of appellant’s car, the complainant told him that appellant had a knife and he had
tried to sexually assault her. Appellant told Speckman that the complainant was a
prostitute and that he had agreed to pay her $20 to perform oral sex on him. When
Speckman asked appellant where the $20 was located, appellant stated that he did not
have any money and he was planning on “ripping off” the complainant. Speckman
then asked appellant if he had a knife either on him or in his car, but appellant denied
having a knife. However, when Speckman shone his flashlight inside appellant’s car,
he saw an open pocketknife on the floorboard near the console. Thereafter,
Speckman contacted a female officer, Houston Police Officer H. Holt, and asked her
to come to the scene to speak with the complainant.
          Officer Holt testified that, when she arrived at the scene, she saw that the
complainant was very emotional and was “visibly shaken.” The complainant told
Holt that appellant had offered to give her a ride home, but had refused to take her
straight home. Instead, appellant drove to the intersection, threatened the
complainant with a pocketknife, and forced her to perform oral sex on him.
          Roshonda Baker, appellant’s girlfriend, testified that, at some point after his
arrest, she retrieved appellant’s car from storage and found $20 in the car’s ashtray.
Sufficiency of the Evidence
          In his first and second points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. Id.
          We review the factual sufficiency of the evidence by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).
          A person commits aggravated sexual assault if he (1) intentionally or
knowingly causes the penetration of the mouth of another person by the sexual organ
of the actor, without the person’s consent, and (2) uses or exhibits a deadly weapon
in the course of the same criminal episode. Tex. Pen. Code Ann.
§ 22.021(a)(1)(A)(ii), (a)(2)(A)(iv) (Vernon Supp. 2004).
          In regard to his legal sufficiency challenge, appellant notes that (1) although
the complainant was taken to a hospital for the preparation of a “rape kit,”the State
presented no DNA evidence, and (2) his “story was borne out [that] the complainant
was a street walker by his [girlfriends’s] discovery of the $20 bill in the cigarette tray
of his automobile.” He argues, thus, that, because “the complainant was out walking
late in the evening . . . [and] [a]ppellant had picked her up with the explicit
understanding that she would perform a sexual act, and [because of] the existence of
the $20 bill in the car’s cigarette tray, the [S]tate failed to adduce evidence that was
legally sufficient to sustain its burden.”
          However, the complainant testified that appellant pulled out a pocketknife,
placed it against her neck, and told her that if she did not perform oral sex on him “he
was going to stab the shit out of her.” The complainant further testified that appellant
subsequently forced her to perform oral sex on him. Moreover, Officer Speckman
testified that, after appellant denied having a knife, Speckman saw an open
pocketknife on the floorboard of appellant’s car.
          Considering this evidence, a rational fact finder could have found, beyond a
reasonable doubt, that appellant, while using or exhibiting a deadly weapon,
intentionally or knowingly caused his penis to penetrate the complainant’s mouth,
without her consent. Accordingly, we hold that the evidence was legally sufficient
to support appellant’s conviction.
          In regard to his factual sufficiency challenge, appellant merely directs us to the
same evidence and makes the same argument advanced under his legal sufficiency
challenge. However, as the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given their testimony, the jury was free to believe or
disbelieve all or any part of the complainant’s and Officer Speckman’s testimony
concerning whether appellant forced the complainant to perform oral sex on him. 
McKinny v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). Our review of the record reveals no other evidence that outweighs the
complainant’s or Speckman’s testimony or otherwise demonstrates that the proof of
appellant’s guilt is so obviously weak as to undermine confidence in the jury’s
determination. Accordingly, we hold that the evidence was factually sufficient to
support appellant’s conviction.
          We overrule appellant’s first and second points of error.
Hearsay testimony
          In his third point of error, appellant contends that the trial court erred in
admitting into evidence, over defense objection as “hearsay,” (1) the complainant’s
testimony that appellant told officer Speckman “I can’t go back to jail this time,” and
(2) Officer Holt’s testimony “repeat[ing] the substance of the testimony of the
complainant.”
          We review a trial court’s evidentiary rulings for an abuse of discretion. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). A trial court does not
abuse its discretion if its “ruling was at least within the zone of reasonable
disagreement.” Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
          In regard to appellant’s argument concerning the complainant’s testimony, we
note that, to preserve a complaint for appellate review, a party must have presented
to the trial court a timely request, objection or motion, stating the specific grounds for
the ruling that he desired the court to make if the specific grounds were not apparent
from the context. Tex. R. App. P. 33.1(a)(1)(A). Here, appellant did not object to the
complainant’s testimony until after she had finished testifying. Moreover, appellant
did not even assert a hearsay objection in the trial court. Rather, appellant stated “I’m
objecting to [the complainant’s] statement as being non[-]responsive, irrelevant,
extremely prejudicial to [appellant] to the point where we don’t think he can receive
a fair trial at this time . . . .” Accordingly, appellant waived error in regard to the
complainant’s testimony. See Tex. R. App. P. 33.1(a)(1)(A).
          In regard to Officer Holt’s testimony, appellant argues that “the State did not
make an argument for which [a] hearsay exception might admit such statements. 
[Holt’s testimony] allowed highly prejudicial information to be presented to the jury
without the customary guarantees of reliability.”
          In fact, prior to presenting Holt’s testimony to the jury, the State conducted an
examination of Holt outside the presence of the jury to establish that the
complainant’s statements to Holt were excepted from the hearsay rule as “excited
utterances.” See Tex. R. Evid. 803(2). An excited utterance is “a statement relating
to a startling event or condition made while the declarant was perceiving the event
or condition, or immediately thereafter.” Tex. R. Evid. 803(2). The critical factor is
whether the person who made the statement was still dominated by the emotions
arising from the exciting event. Hawkins v. State, 792 S.W.2d 491, 495 (Tex.
App.—Houston [1st Dist.] 1990, no pet.). The theory behind rule 803(2) is that
excited utterances are in fact reliable because circumstances may produce a condition
of excitement that temporarily stills the capacity of reflection and produces utterances
free of conscious fabrication. See Cathy Cochran, Texas Rules of Evidence
Handbook 817 (5th ed. 2003).
          Here, during the State’s preliminary examination of Officer Holt, she testified
that, when she arrived at the scene, she saw that the complainant was very emotional
and was “visibly shaken.” In Holt’s opinion, the complainant “seem[ed] [to be] under
the stress of excitement caused by [the sexual assault].” On the basis of this
testimony, the trial court could have reasonably concluded that the complainant’s
statements to Holt were excited utterances. Accordingly, appellant’s argument in
regard to Holt’s testimony is without merit.
          We overrule appellant’s third point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).